UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE PEARSALL,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION; *et al.*,

    Defendants.

No. CIV S-11-3457-KJM-CMK

ORDER

_____/

    This matter comes before the court on the motion to dismiss filed by defendant Bank of America, National Association ("defendant"), seeking to dismiss plaintiff's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. (ECF 4.) Plaintiff opposes dismissal. (ECF 5.) For the reasons set forth below, the court grants defendant's motion and remands the action to Butte County Superior Court.

I.     <u>BACKGROUND</u>

    Plaintiff claims that defendant discriminated against him on the basis of his age when it terminated his employment on March 2, 2009. On January 21, 2010, plaintiff filed a charge with California's Department of Fair Employment & Housing (DFEH). (ECF 1-1 at 22.) That same day, plaintiff received a right to sue letter because plaintiff requested an "immediate right to sue notice." (*Id.*) The DFEH right to sue notice provided, in relevant part, "If a federal

notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier." (*Id.*) The plaintiff never filed a complaint with the EEOC. Three days shy of one year after receiving his DFEH right to sue letter, on January 18, 2011, plaintiff filed suit in Butte County Superior Court alleging a violation of California's state discrimination laws and termination in violation of public policy. (*See* ECF 1-1 at 13-20.) Nine months later, on October 31, 2011, plaintiff sought leave to amend his complaint to add an ADEA claim. (ECF 1-3 at 8.) On December 23, 2011, the plaintiff filed the amended complaint. (ECF 1-4 at 101.) Defendant subsequently removed to this court and now moves to dismiss the ADEA claim as barred by the statute of limitations contained in the ADEA. (ECF 5.)

II.     ANALYSIS

Under 29 U.S.C. § 626(d), "No civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." Unlike other federal discrimination statutes, the ADEA does not require that a plaintiff receive a right to sue letter before initiating suit. *Compare* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (adopting Title VII procedures for Americans with Disabilities Act ("ADA")) *with* 29 U.S.C. § 626(d) (ADEA). Therefore, under the ADEA, a plaintiff need only wait the statutorily prescribed sixty days after filing a complaint and then they may file a civil action. Furthermore, federal regulations provide "[w]hen a worksharing agreement with a State agency is in effect . . . [c]harges received by one agency under the agreement shall be deemed received by the other agency for purposes of [the regulation governing the timeliness of filing a complaint]." 29 C.F.R. §1626.10(c); *see also Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989); *Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1099-1100 (9th Cir. 1998) (upholding EEOC regulations allowing filing with state agency under work share agreement to be considered

timely). Plaintiff adequately exhausted administrative remedies under the ADEA by filing his complaint with the DFEH.

However, plaintiff's ADEA claim is not timely. 29 U.S.C. § 626(e) provides "[a] civil action may be brought . . .within 90 days after the date of the receipt of [] notice [that the EEOC has concluded its investigation]." Plaintiff contends that the statutory language of § 626(e) is clear and should be read strictly such that the ninety day statute of limitations begins to run only upon receipt of notice from the EEOC. Practically speaking, this would allow a plaintiff to manipulate the statute of limitations in the ADEA by filing with a state agency and never pursuing that claim with the EEOC, thereby ensuring the ninety day statute of limitations would never be triggered. In addition, plaintiff's position is internally inconsistent because it reads "the Commission" in 29 U.S.C. § 626(e) to require a notice from the EEOC, but reads the parallel provision 29 U.S.C. § 626(d), which refers more specifically to the "Equal Employment Opportunity Commission," to allow filing with either the EEOC or the related state agency.

Plaintiff's proffered interpretation also runs counter to the weight of authority. "[A] DFEH letter [] satisfies the exhaustion requirement for federal civil rights claims and may be used to calculate the 90 day limitations period." *Welch v. So. Cal. Edison*, 378 Fed. Appx. 621, 622 n.4 (9th Cir. 2010); *cf. Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). In *Stiefel*, the court held that, absent tolling, the ADA's statute of limitations begins to run 180 days after a plaintiff filed a complaint with the DFEH because such complaint is constructively filed with the EEOC and after 180 days, a plaintiff has a right to a right to sue letter. *Id*. Similarly, in *Welch*, the court used the date of receipt of a DFEH letter to calculate the applicable statute of limitations under the ADEA. 378 Fed. Appx. at 622-23. Here, plaintiff requested an immediate right to sue letter and declined to file a complaint with the EEOC. At that point he was aware the EEOC would not be investigating his claim.[1] Exhaustion requirements and statutes of limitations

---

[1] Plaintiff's ADEA claim is untimely regardless of whether the ninety day period begins to run after the sixty day waiting period or immediately upon receipt of the right to sue notice

are intended to promote diligence on the part of plaintiffs. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (barring an ADEA suit as untimely where plaintiff failed to diligently pursue a right to sue letter); *cf. Scholar v. Pacific Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992) ("[t]here is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless.") (quoting *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982)). It would pervert these goals to read the provisions in the ADEA separately in order to reward a plaintiff's dilatory amendment.[2]

Finally, the court finds equitable tolling is not applicable here. Tolling is to be applied sparingly; plaintiff's tactical decision to pursue state law remedies in state court does not justify tolling the statute. *See Scholar*, 963 F.2d at 267 ("Courts have been generally unforgiving[]when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.") (quotation omitted). Therefore, plaintiff's ADEA claim is dismissed as untimely.

As a result of dismissing the ADEA claim, no federal claims remain. "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). In *Carnegie-Mellon Univeristy v. Cohill*, the United States Supreme Court stated, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a

---

from DFEH, therefore the court does not address this issue.

[2] This court adopted findings and recommendations that came to the identical conclusion in *Driskell v. Macy's Dept. Store Downtown Sacramento*, No. CIV S–10–2033 KJM GGH PS. *See* 2011 WL 1636242, at *8-10 (E.D. Cal. Apr. 29, 2011), *adopted by* Order filed June 8, 2011.

case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." 484 U.S. 343, 350 (1988). Here, plaintiff has expressed a desire for remand if the ADEA claim is dismissed. The court declines to exercise supplemental jurisdiction over the remaining state law claims. This case is remanded to Butte County Superior Court.

    IT IS SO ORDERED.

DATED: May 19, 2012.

_____
UNITED STATES DISTRICT JUDGE